**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GARY D. SMITH, JR. and | ) | |
| JULIE SMITH, | ) | |
| | ) | CIVIL ACTION No. 17-238 Erie |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| POLARIS INDUSTRIES, INC., and | ) | |
| HOFFMANS SPORTS & TURF, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Gary D. Smith ("Gary") and his wife Julie Smith (collectively, "plaintiffs") commenced this federal civil action against defendants Polaris Industries, Inc. ("Polaris") and "Hoffmans Sports & Turf" ("Hoffmans")[1] after Gary sustained injuries that were allegedly caused by a defective all-terrain vehicle ("ATV"). Plaintiffs contend that the subject ATV was manufactured by Polaris and sold by Hoffmans.

As set forth in the complaint (ECF No. 1), plaintiffs are citizens of the Commonwealth of Pennsylvania. (Compl. ¶4.) Polaris is a corporate citizen of the State of Minnesota, while Hoffmans is a corporate citizen of the Commonwealth of Pennsylvania. (*Id.* ¶¶2-3.) Plaintiffs asserted only state law claims against the defendants. In their complaint, they alleged that "[t]his Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332(a)(1) because the Plaintiffs are citizens of Pennsylvania and at least one of the Defendants are citizens of

---

[1] It appears that "Hoffmans Sports and Turf" is actually a registered fictitious name for "Hoffman Auto & Truck Repair, Inc.," the latter being a corporate citizen of Pennsylvania. (*See* Def.'s Mem. Supp. Mot. Dismiss at 2 n.1, ECF No. 13.) For the sake of simplicity, the court will refer to the entity simply as "Hoffmans."

Minnesota, and the matter in controversy exceeds $75,000, exclusive of interest and costs." (*Id.* ¶4.)

Polaris and Hoffmans each moved to dismiss the complaint for lack of subject-matter jurisdiction on the ground that complete diversity of citizenship is lacking. As defendants correctly point out, 28 U.S.C. §1332 requires that complete diversity exist as between the two sides in a dispute – that is, it "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *see Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.") (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (alteration and emphasis in original)).

Plaintiffs now concede that diversity jurisdiction is lacking because both they and Hoffmans are Pennsylvania citizens. They request that the court dismiss the action without prejudice so that they can refile their state law claims in the appropriate state court in accordance with 42 Pa. Cons. Stat. §5103.[2] To effectuate the timely transfer of this matter to state court and

---

[2] Pursuant to 42 Pa. Cons. Stat. §5103(b),

(1)  . . . In order to preserve a claim under Chapter 55 (relating to limitation of time), a litigant who timely commences an action or proceeding in any United States court for a district embracing any part of this Commonwealth is not required to commence a protective action in a court or before a magisterial district judge of this Commonwealth. Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth by complying with the transfer provisions set forth in paragraph (2).

(2)  Except as otherwise prescribed by general rules, or by order of the United States court, such transfer may be effected by filing a certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth. The pleadings shall have the same effect as under the practice in the United States court, but the transferee court or magisterial district judge may require that they be amended to conform to the practice in this Commonwealth. Section 5535(a)(2)(i) (relating to termination of prior matter) shall not be applicable to a matter transferred under this subsection.

42 Pa. Cons. Stat. §5103(b)(1) and (2).

preserve the federal filing date for statute of limitations purposes, plaintiffs seek orders directing the clerk of court to prepare "a certified transcript of the final judgment" and "related pleadings" (ECF Nos. 15-1 and 15-2). *See* 42 Pa. Cons. Stat. §5103(b)(2).

Polaris insists that, because subject-matter jurisdiction is lacking, the only permissible order this court may enter is one that dismisses the case *with prejudice*. Polaris characterizes the plaintiffs' proposed orders as "impermissible" because they would "direct the Clerk of Courts to assist in the transfer of the matter to a state court." (Def.'s Reply Br. at 1, ¶4, ECF No. 16.)

Polaris' argument has merit to the extent it recognizes that a dismissal of this action – rather than a transfer to state court – is the appropriate disposition. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Moravian Sch. Advisory Bd. of St. Thomas, V.I. v. Rawlins,* 70 F.3d 270, 291 (3d Cir. 1995) ("[T]he plain language of Rule 12(h)(3) makes clear that, where it appears at the outset that the district court is without subject matter jurisdiction, it is powerless to do anything but dismiss the action."); *McLaughlin v. Arco Polymers, Inc.,* 721 F.2d 426, 432 (3d Cir. 1983) (observing in dicta that "[t]here is a serious question" whether "the district court [would be authorized] to transfer a state law claim to state court in the absence of any colorable federal claim to which it could have been pendent.").

Polaris is mistaken, however, in suggesting that the dismissal of plaintiffs' action must be "with prejudice." On the contrary, when subject-matter jurisdiction is lacking, the dismissal must be entered "without prejudice." *See Siravo v. Crown, Cork & Seal Co*., 256 F. App'x 577, 580–81 (3d Cir.2007) ("[W]e conclude that the District Court was correct to dismiss this case for lack of subject-matter jurisdiction. However, it should not have done so *with* prejudice. Where a district court lacks subject-matter jurisdiction, its disposition of such a case will . . . be without

prejudice.") (emphasis and ellipses in original) (citations and internal quotation marks omitted); *Mullen v. Norfolk S. Ry. Co*., No. 2:14-CV-00917, 2015 WL 3457493, at *11 (W.D. Pa. May 29, 2015) (where court concluded that it lacked subject-matter jurisdiction, it could not accommodate the defendant's request for an order dismissing the action with prejudice) (citing *Siravo*, 256 F. App'x at 580–81), *appeal dismissed,* Case No. 15-2540 (3d Cir. Nov. 3, 2015).

With respect to plaintiffs' request that this court direct the Clerk of Court to prepare "a certified transcript of the final judgment" and "related pleadings," Polaris objects that such an order would be tantamount to assisting in the transfer of plaintiffs' case. Although the court is not persuaded by this argument, the point is moot. No such order is necessary because plaintiffs can obtain a certified court order upon request to the Clerk of Court, provided they pay the requisite fees. *See* http://www.pawd.uscourts.gov/fee-schedule. In light of the foregoing, an appropriate order will be entered dismissing this case without prejudice.


Dated: November 21, 2017                                    /s/ Joy Flowers Conti
                                                           Joy Flowers Conti
                                                           Chief United States District Judge